840 F.2d 17
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Waltina L. LYONS, Administratrix of the Estate of Gladys
Rogenia Brown, Deceased, Plaintiff-Appellant,
v.
TENNESSEE VALLEY AUTHORITY, Defendant-Appellee.
 No. 87-5309.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Waltina L. Lyons appeals from an order of the United States District Court for the Northern District of Tennessee granting defendant's motion for summary judgment in this wrongful death case.
 
 
 2
 Lyons' daughter, Gladys Rogenia Brown, died as a result of injuries sustained in a car accident occurring on the bridge over the Fort Loudon Dam on the morning of November 13, 1984. The accident occurred when Brown's car skidded on a patch of ice or heavy frost and hit a vehicle in the oncoming lane of traffic. Lyons initially brought suit against the Tennessee Valley Authority (TVA), the car's manufacturer and its remote seller. However, the latter two parties were dismissed from the suit following a settlement.
 
 
 3
 Lyons continued her suit against the TVA, alleging that the TVA had failed to display ice warning signs on the day of the accident, in violation of TVA policy. She claims that the policy, instituted in 1982, instructed TVA officials patrolling the bridge to deploy ice warning signs when they discovered ice during the course of their patrols or if conditions warranted deployment. The TVA filed a motion for summary judgment alleging that the display of the signs was a discretionary function and that therefore, as a government acency, it could not be held liable for nonperformance. The TVA also alleged that it had violated no duty to the plaintiff.
 
 
 4
 The district judge initially denied TVA's motion, but agreed, upon TVA's further motion, to reconsider the question. Upon reconsideration, the district court granted the summary judgment motion. The court held that under principles set forth in United States v. Varig Airlines, 467 U.S. 797 (1984), and Dalehite v. United States, 346 U.S. 15 (1953), the decision of whether to display the signs was discretionary.
 
 
 5
 Lyons challenges this ruling on several grounds. She claims that the failure to comply with a previously adopted safety policy is not discretionary. Lyons claims that the discretionary functions exception does not bar suits for negligence at the operational level. She further claims that the duty involved here was not within the type of actions that Congress intended to put beyond judicial review. Finally, Lyons states that she is not trying to hold the TVA accountable for any plans or specifications of administrators.
 
 
 6
 While the issue was understandably difficult, we find ourselves in agreement with the district judge's initial determination that the principles of Indian Towing Co. v. United States, 350 U.S. 61 (1955), are directly applicable to this case. Indian Towing held that a government agency is immune from suit when it exercises its discretion by deciding to provide a particular service, but that immunity does not extend to protect it from liability under the Federal Tort Claims Act when the execution of the responsibility undertaken was performed in a negligent way violative of the applicable tort law. Id. at 69.
 
 
 7
 Here, while there is a factual dispute as to precisely what occurred on the date of the accident, the government acknowledged that the TVA had undertaken the responsibility to construct an ice warning sign for the bridge in question and had established a policy of activating that sign when TVA personnel at the site determined the presence of icy conditions on the bridge. It is unclear whether the sign had been displayed some time prior to the accident, but it is evident that a TVA employee made his customary rounds under circumstances which, if icing had occurred, required him to place the sign in operation under the existing policy. Some time after the accident, he denied that there had been ice on the bridge when the accident occurred. This evidence contradicts the testimony of persons at the scene immediately following the accident who testified as to the existence of ice. However, this uncertainty surrounding the performance of the TVA employee's duty does not detract from the government's acknowledgment of its assumption of a limited duty to warn when icing on the road was discovered. Thus, applying the standard of Varig that it is the nature of the conduct rather than the status of the actor that governs whether the discretionary functions exception applies, see Varig Airlines, 467 U.S. at 813, we conclude that it was error to have dismissed the plaintiff's complaint upon this basis and we therefore VACATE the judgment of the district court and REMAND for further proceedings.
 
 
 8
 In so ruling, we recognize that we have not passed on the unresolved question of applicable Tennessee law, including the possible relevance of the Good Samaritan doctrine or any other provisions of the Restatement of Torts that are applicable in Tennessee. These questions we leave to the resolution of the district court in Tennessee and accord it the deference due such courts in deciding matters of state law in diversity cases.
 
 
 9
 REVERSED and REMANDED.